LAND, Justice.
 

 The Herrin Motor Lines, Inc., and the Silver Fleet of Memphis, Inc., applied to the Louisiana Public Service Commission for certificates of public convenience and necessity for the operation of motortrucks over the public highway between the city of New Orleans and the city of Baton Rouge as common carriers.
 

 When these applications were filed, the Louisiana Public Service Commission cited the Yazoo & Mississippi Valley Railroad Company, the Mississippi Valley Transportation Company, and Millard F. Bradford, all operators of common carriers between New Orleans and Baton Rouge, La., to-show cause on each application why the certificates applied for should not be granted.
 

 When orders . granting the applications a-nd authorizing the certificates prayed for were issued by the Louisiana Public Service Commission, the Yazoo & Mississippi Valley Railroad and the Mississippi Valley Transportation Company jointly filed a suit against the Louisiana Public Service Commission and the Herrin Motor Lines, Inc., and another suit against the Louisiana Public Service Commission and the Silver Fleet of Memphis, Inc., to contest the validity of these orders in the Nineteenth-judicial district court at Baton Rouge, the tribunal provided by the Constitution and statutes of this state in which such proceedings are authorized to be instituted.
 

 Millard F. Bradford likewise filed two-identical suits in the same court and against the same defendants, and on the same general cause of action.
 

 These four suits were consolidated in the district court below for hearing and also-consolidated in this court on appeal, under docket Nos. 34418 and 34420.
 

 The Herrin Motor Lines, Inc., defendants in two of the four original suits comprising the cases now herein consolidated, have filed a motion to dismiss on the grounds of a lack of interest and of no right or cause of action shown by the
 
 *861
 
 plaintiffs herein on these matters now before this court on appeal.
 

 When these four cases, consolidated into two cases, were called for trial in the Nineteenth judicial district court, by agreement of all of the plaintiffs and all of the defendants in all of the cases, they were further consolidated into one, for the purpose of hearing, and all of the issues which had been raised by the pleadings were eliminated from consideration, except the fundamental question in the litigation involving the proper and legal construction of the act of the Legislature of Louisiana, under which the certificates complained of had been issued, which was of paramount importance to all of the parties to the litigation, as it affected the validity or invalidity of the orders of the commission, and was a matter which had never been actually passed upon by our courts.
 

 The actual matter raised by the suits and the basic question involved in the litigation was the validity of Orders 2461 and 2453 of the Louisiana Public Service Commission, as shown by the following agreement between all of the parties plaintiffs and defendants in all four of the consolidated suits:
 

 “Counsel agree that the only issue urged before the Court in the present matter on the records in No. 2461 and 2453 of the Louisiana Public Service Commission is, whether or not section 4 of Act No. 292 of 1926 and Act No. 292 of 1926 in its entirety, empowers the Louisiana Public Service Commission to issue a Certificate of Public Convenience and Necessity over a route where an existing Certificate holder is outstanding and in operation, without giving the existing Certificate holder a reasonable opportunity to provide such additional and adequate service over said route as was found convenient and necessary at said hearing”.
 

 There was no question of lack of interest or of no right or cause of action raised before the Louisiana Public Service Commission by the Herrin Motor Lines, Inc., the sole appearer on the motion to dismiss.
 

 There was no question of lack of interest or of no right or cause of action raised when the cases were consolidated before the district court and the issues under consideration were submitted on an agreed statement made with the court by all the parties litigant.
 

 There was and has been no question of lack of interest or of no right or cause of action raised .at any time previously or now, before this court by the Louisiana Public Service Commission, one of the defendants in each of the four original suits and party defendant in the consolidated cases now before the court.
 

 By its approval of and its joining in the motion to consolidate, in the agreement to submit on one definite issue, and by its agreement and brief submitted, the Herrin Motor Lines, Inc., is bound by its implied admission that the plaintiffs had and have both an interest and a right of action in this litigation.
 

 
 *863
 
 It cannot be denied that the plaintiffs herein, competing common carriers between New Orleans and Baton Rouge when the original applications were filed before the Public Service Commission, and when the orders complained of herein were issued to the Herrin Motor Lines, Inc., and the Silver Fleet of Memphis, Inc., were parties in interest in those proceedings and had a right to appear before the Louisiana Public Service Commission, by whom they were cited. And if a party at interest then, with a right to appear and protest, that same right and interest continued when the question of the legality of the orders issued on such applications is before the courts in the manner provided by the Constitution and statutes of this state.
 

 The motion to dismiss is therefore denied.